**People of the State of Illinois, Plaintiff-Appellee, v. James Lee Harrison (Impleaded) and Sarah Crawford (Impleaded), Defendants-Appellants.**

**Gen. Nos. 51,476 and 51,477. (Consolidated.)**

First District, First Division.

May 1, 1967.

Howard J. Abrams and Howard T. Savage, of Chicago, for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a bench trial, James Lee Harrison and Sarah Crawford were found guilty of unlawful possession of a narcotic drug in manner and form as charged in the indictment. Harrison was sentenced to a term of from eight to ten years, and Sarah Crawford was sentenced to a term of from two to five years. Their separate appeals were consolidated here.

Defendants' theory is that the evidence upon which they were convicted was unlawfully obtained by use of an illegal and void search warrant; that assuming validity of the search warrant, it did not authorize the seizure of much of the evidence seized during the search against them; and that evidence was unlawfully admitted and seriously prejudiced their defense of unknowledgeable possession of marijuana.

On the morning of November 1, 1965, James Mason appeared before one of the judges of the Circuit Court of Cook County and subscribed and swore to a complaint for a search warrant, in which it was alleged that on the evening of October 30, 1965, "I James Mason purchased a three dollar bag of marijuana from a man called James, who lives at 1548 S. Trumbull on the first floor. While I was there I saw him handle about 15 packages of tinfoil, and about 25 brown paper bags which he sells for five dollars. The tinfoils and the paper bags have marijuana in them. My bag came out of the bunch that he had." On the basis of this complaint a search warrant was issued, authorizing the search of the person of "James (Doe)" and the entire first floor of 1548 South Trumbull, "and the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Possession of Marijuana be seized therefrom: Marijuana."

Three police officers went to the Trumbull address, and a man, later identified as Harrison, came to the door and looked out at the officers through partially opened venetian blinds. Officer John Petrocella an-

nounced they were police officers and they had a warrant to search the premises. Harrison, on hearing this, closed the blinds and apparently started toward the rear of the apartment. The officers forced the door and entered the apartment. Petrocella subdued Harrison in the kitchen and there showed the original of the search warrant to Harrison and read it aloud to him, after which the apartment was searched. Paper bags and tobacco tins were seized, the contents of which were tested at the Chicago Police Crime Laboratory and found to be "cannabis setiva," commonly known as marijuana, from which the resin had not been extracted. It was stipulated by both defendants that a total of 812.9 grams of marijuana was taken from nine exhibits.

When the officers entered the apartment, there were present three persons besides Harrison—an unidentified youth and two women, one of whom was the defendant, Sarah Crawford. Officer Jacoby testified that he saw Sarah Crawford "start to go out the door, at which time I stopped her. And she had a bag covered with plastic in her hand." He took the package away from her and told her to go back and sit down. He stated the package Sarah Crawford had in her hand was filled with some substance. She said that she was not a resident of the apartment, that she was just visiting and did not know the contents of the bag. The contents of the bag were included in the stipulation as being marijuana.

Initially, we consider defendants' contention that the evidence introduced against them was discovered and seized upon an unlawful entry into the home of defendant Harrison, and that all of the evidence should have been suppressed on defendants' pretrial motion.

It is undisputed that at the time of the search, a carbon copy of the original search warrant was left with defendant Harrison, but it did not contain the judge's signature nor the date of issuance. Defendants cite sections of the Illinois Criminal Code which provide that

"All warrants shall state the time and date of issuance . . . , shall be issued in duplicate . . . . If the warrant is executed the duplicate copy shall be left with any person from whom any instruments, articles or things are seized . . . ." Ill Rev Stats, c 38, §§ 108–4, 108–5, 108–6.

Defendants assert that the foregoing provisions are mandatory. Defendants urge "that the above listed defects in the warrant in this case are not mere 'technical irregularities,' but a complete disobedience of the law—so complete that it may be said that no attempt was made to create a search warrant in legal contemplation. More than that, substantial rights of defendants here are affected, in that evidence, which they claim was obtained without lawful authority, has been admitted at a criminal prosecution against them—and they are unable to effectively combat the prosecution's claim that the warrant was properly issued and served within proper time because of the defective issuance and service of the warrant. The law enforcement officials have, by refusing to follow the law, deprived Defendants of an effective method provided them by the Legislature to establish the illegality of the search and seizure resulting in their convictions," and "the failure to leave a *duplicate* copy with Defendant Harrison cannot be deemed a 'technical irregularity' by any stretch of reason."

The State argues that the original of the search warrant was properly signed and dated by the issuing judge; that the original was shown to Harrison and read to him in the kitchen; and that, although an unsigned and undated copy was left with defendant, no prejudice was shown at the hearing of the motion to suppress, and "no substantial right could have been violated." The State cites People v. DeGeovanni, 326 Ill 230, 157 NE 195 (1927), where it was held that the failure of the issuing officer to affix to his signature some indicia of his office

was not fatal to the warrant. There the court said (p 237):

> "The omission was unimportant—not one of substance but merely of form. It has been held by several courts that such an omission, and similar omissions, do not render a warrant void, particularly where the warrant on its face discloses clearly the official character of the officer signing the warrant."

Also, People v. Perdew, 78 Ill App2d 331, 223 NE2d 308 (1966), where the court said (p 335):

> "We feel that the absence of the judge's signature on a copy of the warrant could also be corrected by amendment at any time pending the proceedings so long as the original of the warrant was signed by the judge."

Noted, also, is section 108–14 (c 38), which provides:

> "No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused."

 We are not persuaded that the failure of a copy of a search warrant to bear the signature of the issuing judge or the date is immaterial, but we hold that in the present factual situation it was a technical irregularity, which was not prejudicial to either of the defendants, nor did it affect their substantial rights. Therefore, the denial of the motion to suppress was proper.

Defendants next contend that the officers executing the search warrant seized a number of things which were not described in the warrant and were not contraband per se. The items included two cigarette making machines, a tobacco pouch, a number of small brown envelopes, a package of cigarette paper, a piece of silver

foil, and three packages marked "Zig-Zag Quality Superior." Defendants argue that the property not described in the search warrant may not be taken, and the search may not be exploratory and made solely to find evidence of guilt. People v. Sovetsky, 343 Ill 583, 175 NE 844 (1931).

The State argues that these materials were incidental to the possession of the narcotic drugs seized and were, therefore, properly seized themselves; that marijuana is most often used in cigarette form and the items listed "were to some extent relevant as being package materials, kept near at hand to the marijuana itself." In People v. Hall, 56 Ill App2d 7, 204 NE2d 824 (1965), the court was concerned with the seizure of dice suitable for gambling games. The court remarked (p 12):

> "[N]ormal dice are not iniquitous per se nor with the legislative condemnation although they may become contraband if used with, a necessary part of or indubitably connected or associated with other gambling paraphernalia when seized."

We think this statement applies here. The instant items were found in the proximity of a large quantity of marijuana, and the court remarked, "It seems to be a common practice to carry some of these articles around in silver foil packages." We find no error in the seizure of the articles asserted not to be contraband nor in their admission in evidence at the trial of the defendants.

Finally considered is the conviction of defendant Crawford. She was found in the apartment when the search warrant was executed. She was stopped as she attempted to leave the premises, and she was carrying a bag of narcotics. She denied knowledge of what the package contained.

An officer in the execution of a search warrant "may reasonably detain to search any person in the

place at the time." (c 38, § 108–9.) Narcotics found on that person are properly received in evidence on a charge of unlawful possession of narcotic drugs. (People v. Pugh, 69 Ill App2d 312, 217 NE2d 557 (1966).) "The mere possession of a narcotic constitutes substantial evidence to sustain a finding that the possessor knew its nature." People v. Pigrenet, 26 Ill2d 224, 227, 186 NE 2d 306 (1962).

██ ██ The conduct of defendant Crawford prior to her detention and search was evidence from which an inference might fairly be drawn of her knowledge of the contents of the package. We find the record contained sufficient evidence to prove the guilt of defendant Crawford beyond a reasonable doubt.

We conclude both defendants were proved guilty beyond a reasonable doubt of the possession of narcotic drugs upon properly admitted evidence. The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.