(No. 47604.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GARY BEAN, Appellant.

*Opinion filed September 20, 1976.*

124

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (Daniel D. Yuhas, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Richard J. Doyle, State's Attorney, of Danville (James B. Zagel, Jayne A. Carr, and Brian A. David, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Gary Bean, was charged in a two-count indictment with the offenses of aggravated battery and attempt murder. At trial on both charges, the jury deliberated for 8 hours and was discharged by the court, a mistrial was declared, and the cause was set for retrial. Defendant then filed a motion to cancel the trial setting and dismiss the indictment, followed by an amended motion to dismiss on the ground that the jury was improperly discharged and a retrial would place defendant in double jeopardy. The court denied this, and defendant waived a jury trial and entered into a stipulation that the testimony given at the first trial stand as testimony in the bench trial. The court found him guilty on both counts and sentenced him for attempt murder. The appellate court upheld the conviction and sentence on the attempt murder but reversed the judgment of conviction for aggravated battery, since both offenses arose out of the same act. (*People v. Bean*, 26 Ill. App. 3d 1090.) That court held that defendant could not raise the issue of double jeopardy since he waived that issue at trial. It further found that the trial judge did not abuse his discretion in discharging the jury and declaring a mistrial. We granted defendant leave to appeal.

The facts are as follows: Defendant, during a domestic fight, stabbed his wife in the abdomen with a pocket knife, causing her serious injury. He was subsequently indicted for aggravated battery and attempt murder, and brought to trial on March 8, 1973. At the conclusion of the closing argument, the jury retired to decide the issues. After 8 hours of deliberation, the jurors were requested to return to the courtroom and the foreman informed the court that they had not reached a verdict on all of the issues. At this time the court, by prior agreement of the State and defendant, gave the jury an instruction designed to facilitate deliberations in the matter. The jury was sent

back to consider a verdict on all the issues. Twenty minutes later the jury was summoned to the courtroom and again the foreman stated to the court that it had not reached a verdict as to all issues. Upon the court's own motion, the jury was discharged and a mistrial declared.

While the facts are unclear, there is some indication that during its deliberation the jury may have agreed to a verdict on one of the counts. However, this count was not identified until the jury had been discharged and the verdict form, which the jurors had signed finding the defendant guilty of aggravated battery, was discovered.

Defendant maintains in his petition for leave to appeal to this court that (1) the discharge of the jury was improper because the trial court did not accept a finding that the jury had made regarding one of the two counts and reprosecution would violate the constitutional ban against double jeopardy, and (2) the appellate court erred when it held that the issue of double jeopardy had been waived at trial.

We must determine whether the trial court improperly discharged the jury and declared a mistrial. The major thrust of defendant's argument is his claim that the jury in fact reached a verdict on one of the counts and the court failed to accept its finding. The record does not sufficiently support defendant's claim. Nowhere do we find the jury informing the court that it had reached a verdict as to one of the counts. Neither the briefs nor counsel at oral argument could point out when and in what manner this information was conveyed to the court.

Defendant, however, points to the fact that one of the four verdict forms given to the jury was signed by its members. We find this insufficient. Since the jury did not present this signed verdict form in open court, we have no way of knowing whether the jury abandoned this vote and was deadlocked on both counts when it declared to the court that it had not decided all the issues. We do not know when the form was signed and what had transpired

from the time it was signed to the time the jury was discharged. See *United States v. Medansky* (7th Cir. 1973), 486 F.2d 807, 813.

According to the report of proceedings, after the jury had deliberated for over 7 hours, the following colloquy occurred:

"THE COURT: Let there be a stipulation by and between the defendant and the State that the Court will inquire of the verdict in the following manner: Ladies and gentlemen, have you reached a verdict on all of the issues?

In the event the jury reports in the negative, by stipulation the Court will read to the jury an additional instruction approved by both parties and request that the jury again retire to consider their verdict. Is that a satisfactory stipulation?

MR. LITAK [counsel for defense]: So stipulated."

The jury was then brought in and questioned as stipulated. The foreman answered "No, Sir, we have not." After an additional instruction was given, the jury retired for 20 minutes and was then returned into court. The judge asked the same question and the foreman gave substantially the same answer. The judge then found the jury to be deadlocked and discharged it.

In *People v. Mays*, 23 Ill. 2d 520, where the defendant was found guilty in the second trial, he contended that the first jury was improperly discharged because a reasonable time had not elapsed during which the jury could reach a verdict and the judge had no discretion or authority to discharge the jury, and that consequently the second trial placed the defendant in jeopardy a second time for the same offense. That court stated: "We do not think a court errs in discharging a jury when it is apparent it is hopelessly deadlocked. In the case of *People v. DeFrates,* 395 Ill. 439, cited by the defendant, a jury was dismissed after three days of trial when it had deliberated only 45 minutes. In the *DeFrates* case we held that the law has invested courts of justice with the authority to discharge a jury from giving any verdict whenever, in the court's

opinion, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. Courts are to exercise a sound discretion on the subject and it is impossible to define all the circumstances which would render it proper to interfere. We are of the opinion that such a discharge constitutes no bar to further proceedings and gives no right of exemption to the prisoner from being again put upon trial. [Citations.] " 23 Ill. 2d 520, 524.

In the absence of an abuse of discretion by the trial court when it discharges a jury because of its failure to reach a verdict, reprosecution is not barred. (*People v. Nilsson,* 44 Ill. 2d 244, 246.) In the posture of this case and because we find there was no abuse of discretion in discharging the jury, we need not pass upon the matter of whether there was a waiver of double jeopardy as held by the appellate court.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*