THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellants, *v.* WILLIE STOKES, JR., Defendant-Appellee.

First District (5th Division)   No. 76-790

Opinion filed May 13, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Jeffrey C. Pattee, Assistant State's Attorneys, of counsel), for appellants.

Joseph A. Ettinger, Ronald M. Lake, and Rick M. Schoenfield, all of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was charged by complaint with the possession of marijuana, in violation of section 4 of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704), and with the failure to register a firearm, in violation of the Municipal Code of Chicago. The complaints were considered together and, on February 4, 1976, defendant's motion to quash a search warrant and to suppress the evidence seized was granted. On February 24, the State filed a petition to reconsider, which was denied on April 1 and, from that order, this appeal was taken.

The record reveals that on December 11, 1975, Officer Peck presented a complaint for a search warrant, the affidavit for which was subscribed and sworn to by Peck on that day before a judge of the circuit court. Later that day, defendant was arrested and certain property seized. However, it appears from the face of the warrant that it was not issued by the judge until 10:15 p.m. on December 12.

When the case was called for trial on February 4, defendant moved to quash and suppress on the ground that the search and seizure occurred before the date of issuance appearing on the face of the warrant. A discussion followed, during which the State informed the court that it wanted to call Officer Peck "* * * to testify as to when a hearing was conducted, before whom and where." Its request was refused and, after noting that the warrant was issued after the search and seizure, the court sustained the motion to quash and suppress without hearing any testimony. The case was then ordered stricken, with leave to reinstate.

Within 30 days, on February 24, the State filed a petition for reconsideration of the February 4 order. The case was reinstated and, after a hearing, the petition was denied on April 1.

Opinion

Before reaching the merits of the State's appeal, we must first consider the contention raised by defendant in his brief that we lack jurisdiction to

hear this appeal. He argues that while an appeal from an order quashing a warrant and suppressing evidence may be prosecuted by the State (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), if perfected within 30 days (Ill. Rev. Stat. 1975, ch. 110A, par. 606), it may not appeal the denial of a petition to reconsider such an order even though it was filed within 30 days. We disagree.

■■■ For a period of 30 days, the trial court retains the power to modify or vacate its judgment (*People v. Green* (1975), 34 Ill. App. 3d 153, 340 N.E.2d 58; *People v. McCloskey* (1971), 2 Ill. App. 3d 892, 270 N.E.2d 126, 274 N.E.2d 358, 276 N.E.2d 349; Ill. Rev. Stat. 1975, ch. 110, par. 50(5)), and the State may appeal any order the substantive effect of which is to suppress evidence (*People v. Schmidt* (1972), 8 Ill. App. 3d 1024, 291 N.E.2d 225). Furthermore, as we recently stated in *People v. Robins* (1975), 33 Ill. App. 3d 634, 636, 338 N.E.2d 222, 224 (1976), as modified on denial of petition for rehearing:

> "Public policy clearly favors correction of errors at the trial level. We have previously held that a motion to reconsider is an appropriate method to be utilized in directing the attention of the trial judge to claim of error. [Citation.] The time for appeal commenced with the denial of that motion."

Here, the State petitioned for reconsideration of the order quashing the search warrant and suppressing the evidence seized within 30 days of the order's entry and appealed from the denial of its petition in a timely fashion. (Ill. Rev. Stat. 1975, ch. 110A, par. 606.) Thus, we have jurisdiction to consider the merits of this appeal.

We turn now to consider the State's contention that the trial court erred in granting the motion to quash and suppress, notwithstanding that it appeared to have been executed on the day prior to the date of its issuance.

■■ The State recognizes the impropriety of a search warrant which is executed before its issuance, but it argues that the record here clearly discloses that the probable cause hearing for the warrant took place on December 11 and that the issuance date of December 12, appearing on the face of the warrant, was merely a technical error within the meaning of section 108—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 108—14), which provides that:

> "No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused."

To determine the application of this provision, we have reviewed the surrounding circumstances to ascertain whether the issuance date was an irregularity technical in nature and, if so, whether defendant's substantive

rights were affected. (*People v. Mecca* (1971), 132 Ill. App. 2d 612, 270 N.E.2d 456; *People v. Harrison* (1967), 83 Ill. App. 2d 90, 226 N.E.2d 418.) In this regard, we note that although matters declared under oath which are the basis of a finding of probable cause for the issuance of a search warrant by a judicial officer may not be controverted by extrinsic testimony (*People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341; *People v. Mitchell* (1970), 45 Ill. 2d 148, 258 N.E.2d 345), the demonstration of what is obviously a clerical error is not precluded (*People v. Smyles* (1975), 27 Ill. App. 3d 166, 326 N.E.2d 490 (abstract); *People v. Gonzalez* (1974), 24 Ill. App. 3d 259, 320 N.E.2d 197).

Here, the court denied the State's attempt to call Officer Peck, who the prosecutor said would "* * * testify as to when a hearing was conducted, before whom and where," in an apparent effort to show that the issuing judge had made an error in the dating of the warrant. Where an offer of testimony is refused by the court, no appealable issue remains unless a formal offer of proof is made (*Harris v. Algonquin Ready Mix, Inc.* (1973), 13 Ill. App. 3d 559, 300 N.E.2d 824, *aff'd* (1974), 59 Ill. 2d 445, 322 N.E.2d 58) or it is apparent that the trial court understood the nature of the objection and the character of the evidence intended to be introduced (*Schusler v. Fletcher* (1966), 74 Ill. App. 2d 249, 219 N.E.2d 588) or where the question itself and the circumstances surrounding it are sufficient to indicate the problem and the admissibility of the evidence (*Creighton v. Elgin* (1944), 387 Ill. 592, 56 N.E.2d 825; *Ryan v. McEvoy* (1974), 20 Ill. App. 3d 562, 315 N.E.2d 38). In the instant case, no formal offer of proof was made as to the expected testimony of Officer Peck, and the record does not disclose that the court was otherwise informed in that regard. The prosecutor said only that he wanted to call Peck to testify "* * * when, where and before whom the hearing was held." At no time did he inform the court that there would be any testimony that the warrant was in fact issued on December 11 rather than December 12, the date of issuance appearing on its face. Under these circumstances, no appealable issue remains as to whether the rejection of Peck's testimony was error. See *Creighton; Harris; Schusler.*

Moreover, even were we to assume that Officer Peck did testify that the probable cause hearing took place on December 11, the State has referred us to no case, and we have found none, requiring that a warrant be issued on the date of the hearing. Further, we have found nothing in the record to indicate that the judge had intended to issue the warrant on December 11 rather than on December 12.

■■ Thus, the record being insufficient to rebut the presumption that the date indicated in the issuing judge's own handwriting controls the validity of the warrant (*People v. Wilson* (1972), 4 Ill. App. 3d 766, 281

N.E.2d 740; Ill. Rev. Stat. 1975, ch. 38, pars. 108—4, 108—6), we conclude that the trial court did not err in quashing the warrant and suppressing the evidence.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.