THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
VICTORIA YOUNG, Defendant-Appellee.

Second District   No. 76-348

Opinion filed May 11, 1978.

50

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and James E. Hinterlong, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Ralph Ruebner and Alan Goldberg, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

This is an appeal by the State from an order of the trial court quashing a search warrant and suppressing evidence seized in its execution.

An indictment was returned by the Kane County grand jury charging defendants, Victoria Young and Claudio Lopez, Jr., in count I with possession of heroin in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)) and in count II with possession of cannabis in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 704(d)). Defendants were severed and on April 1, 1976, after having waived a jury, trial against Victoria Young was commenced before the court.

Evidence was presented by the State that on January 5, 1976, a search warrant was issued by a Kane County judge bearing a notation that it was issued at 9:50 p.m. on that date. A raid was conducted by Elgin police officers and others on that night at the place named in the warrant, an apartment on Douglas Avenue in Elgin where both Victoria Young and Claudio Lopez, Jr., resided. The officers testified they entered the apartment at approximately 9:45 p.m. and the return on the search warrant also states it was executed at that time.

Both Young and Lopez were present in the apartment when the officers entered and conducted the search. They seized a plastic bag containing cannabis, 17 tinfoil packets containing heroin, a hypodermic needle and syringe, a plastic box and a bottle containing cannabis seeds, 2 tinfoil packets of hashish, a Spanish Bible containing a tinfoil packet of heroin and other paraphernalia described as a cannabis pipe and alligator clips. At trial these items were identified as State's Exhibits 1 through 12. A laboratory technician testified to her chemical analysis of the heroin and cannabis and the State offered the exhibits in evidence at the close of its case.

Defendant then objected to the admission of the Spanish Bible containing heroin as not being sufficiently connected to her in that the other occupant of the apartment was named Claudio Lopez and, further, that it and the other evidence taken in the raid was seized by color of an invalid warrant which shows on its face it was issued after the search. Defendant objected to the admission of all the evidence stating it was, therefore, seized pursuant to an illegal search without warrant.

The assistant State's Attorney requested that he be permitted to make an offer of proof or to call witnesses, including the associate judge who issued the search warrant, to show there had been an error in noting the time on it. He pointed out to the court that the officers who conducted the raid at 9:45 p.m. had testified they had the warrant with them when they did so and, obviously, it could not have been issued at 9:50 p.m. as noted thereon. The trial court declined to consider either an offer of proof or conduct a hearing into the matter unless the State presented some authority permitting the court to look behind the document. The matter was put over to the next court day for that purpose when the State again sought to present evidence of the circumstances of the issuance of the warrant, but the court again refused to hear it. Without passing on defendant's motion to suppress the evidence based upon her assertion there had been an unlawful search and seizure, the trial court reserved that issue and took up the question of the admissibility of the State's exhibits as an evidentiary matter. While it may not be determined with certainty from the record all of the exhibits considered, it appears that eight of them were found by the court to be insufficiently connected to

this defendant and were declared inadmissible on that ground; the other four exhibits were not passed upon by the court. After a further discussion held off the record, the following colloquy occurred between court and counsel:

"THE COURT: Back on the record.

I'm going to unreserve my rulings on the search warrant and hold the search warrant invalid and that, therefore, none of the evidence seized in the raid can be admitted. Whereupon the State rests I take it?

MR. McCULLOCH [prosecutor]: Well, the State would ask leave to file a Notice of Appeal from that decision, Judge.

THE COURT: You can't, it's a trial. Do you have any more evidence?

MR. McCULLOCH: You have seen and heard it.

THE COURT: Do you rest?

MR. RICHARDS [defense counsel]: Defendant makes a motion for directed verdict. Yes, Your Honor.

THE COURT: And with no evidence I have no alternative but other than to grant the Defendant's motion for directed verdict.

There's no appeal from that. You can—I suppose you can come in and file for leave to appeal, which I would deny, but you could still appeal that. But how do you appeal a trial?

MR. McCULLOCH: We're not appealing any trial, Judge, we would be appealing the order suppressing the evidence.

THE COURT: I'm not suppressing the evidence. I didn't suppress the evidence.

MR. McCULLOCH: Holding the warrant invalid.

THE COURT: I don't think you have an appealable order, my friend, and I won't grant you any leave to appeal. But if you want to go up, if you want to make the motion, have it denied, and go up on that you're welcome to.

MR. McCULLOCH: I can't speak for what may happen on down the line.

MR. RICHARDS: My understanding is the Court has already ruled out all but four exhibits and reserves ruling as to whether the others would be admitted, and these items are not being admitted into evidence?

THE COURT: Well, they're not being admitted for the original reason."

The court thereupon entered written orders the first of which found the search warrant to be invalid because the time of issuance noted on it was subsequent to its execution, quashing it and suppressing all the evidence seized in the search of the apartment. The second order granted

defendant's motion for a directed verdict of not guilty at the close of the State's case as to both counts of the indictment and ordered her discharge. The State filed its notice of appeal from the order suppressing evidence with the clerk of the court on April 12, 1976.

The State contends the trial court erred in failing to terminate the trial after quashing the search warrant and suppressing the evidence to permit the State its interlocutory appeal from that order and that the court was without jurisdiction thereafter to enter a directed verdict of acquittal. Defendant contends that the trial court correctly quashed the search warrant and suppressed the evidence and, alternatively, that the State's appeal must be dismissed as there can be no appeal from a judgment of acquittal by virtue of article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, §6) and that it is violative of her right to be free from double jeopardy under both the Federal and State constitutions.

We look first to the question of the State's right to an interlocutory appeal from an in-trial order suppressing evidence. Article VI, section 6 of the Illinois Constitution provides that after a trial on the merits there shall be no appeal from a judgment of acquittal in a criminal case but that "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Our supreme court has exercised its rule-making power authorized by the Constitution and its Rule 604(a)(1) provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).

The General Assembly has provided the procedural means by which a defendant may seek to suppress the fruits of an unlawful search and seizure in section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—12) which provides, in part, as follows:

> "(c) The motion shall be made before trial unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion. *If the motion is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the evidence, the court shall terminate the trial with respect to every defendant who was a party to the hearing and who was within the scope of the order of suppression, without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression. In the*

event of such termination, the court shall proceed with the trial of other defendants not thus affected. *Such termination of trial shall be proper and shall not bar subsequent prosecution of the identical charges and defendants*; however, if after such termination the State fails to prosecute the interlocutory appeal until a determination of the merits of the appeal by the reviewing court, the termination shall be improper within the meaning of subparagraph (a)(3) of Section 3—4 of the "Criminal Code of 1961", approved July 28, 1961, as amended, and subsequent prosecution of such defendants upon such charges shall be barred." (Emphasis added.)

In the present case defendant made no pretrial motion to suppress the evidence seized under the disputed search warrant although it is apparent she or her counsel must have been aware of the time of issuance objection to the warrant before trial. The complaint, search warrant and return reporting its execution have at all times been available in the trial court records of this case. By waiting until the trial was in progress to raise the question of the validity of the warrant defendant apparently was able to surprise the assistant State's Attorney and trial judge, but risked denial by the court of a hearing on the issue (see *People v. Placek* (1975), 25 Ill. App. 3d 945, 951, 323 N.E.2d 410, 414; *People v. Colon* (1973), 9 Ill. App. 3d 989, 996, 293 N.E.2d 468, 473) and brought into play section 114—12(c). It is clear the statute is designed to protect the interests of both defendant and the State should a basis for suppression of evidence come to defendant's attention. A defendant who presents a timely motion, even during trial, is entitled to a hearing and to the suppression of the seized evidence if merited by the proof. In that event, however, the trial court is required to terminate the trial unless the State agrees in writing it will not seek the interlocutory appeal it is authorized to take from such an order by virtue of Supreme Court Rule 604(a)(1) and the statute. Such termination of trial, which the State aptly describes as a statutory mistrial, does not bar a subsequent prosecution of the same charge and defendant and appears to us to be no different in effect than is the commonly used declaration of a mistrial on legally sufficient grounds in any criminal prosecution. See *People v. Chaffin* (1971), 49 Ill. 2d 356, 362, 274 N.E.2d 68, 71-72; *People v. Grignon* (1976), 37 Ill. App. 3d 418, 425-26, 346 N.E.2d 82, 88-89, *cert. denied* (1977), 430 U.S. 909, 51 L. Ed. 2d 585, 97 S. Ct. 1181; *People v. Bean* (1976), 64 Ill. 2d 123, 355 N.E.2d 17.

The record of this case does not disclose whether either counsel or the trial court were aware of the requirements of section 114—12(c) as it is not referred to by them in their discussions held on the record. We must assume that the trial court would have terminated the trial, as required by the statute after suppressing the evidence, if it had been called to his

attention. In any event, the court made no determination whether defendant's motion was timely, it declined to conduct a hearing on the merits of the motion and suppressed all of the evidence presented by the State after quashing the search warrant. It is apparent from the record that the trial court was of the impression it could not in this circumstance look beyond the four corners of the warrant in order to determine if it had been issued before the search. See *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117.

■■ ■ There is a presumption the date and time of the issuance of a warrant noted thereon by the issuing judge controls the validity of the warrant (*People v. Wilson* (1972), 4 Ill. App. 3d 766, 281 N.E.2d 740; see Ill. Rev. Stat. 1975, ch. 38, pars. 108—4, 108—6), but extrinsic evidence showing and correcting an obvious clerical error is not precluded. (*People v. Gonzalez* (1974), 24 Ill. App. 3d 259, 263, 320 N.E.2d 197, 201; *People v. Stokes* (1977), 49 Ill. App. 3d 296, 299, 364 N.E.2d 300, 302.) It was apparent the search warrant in this case could not have been issued by the judge at 9:50 p.m. yet be executed by the officers at 9:45 p.m. that same night. The assistant State's Attorney's request to be allowed to call witnesses, including the issuing judge, to show there had been an error in noting the time on the warrant or to make an offer of proof to that effect, refused by the trial court, was sufficient to preserve the issue for appeal. See *Stokes*, 49 Ill. App. 3d 296, 299, 364 N.E.2d 300, 302-03.

■■ Having determined the trial court erred in declining to consider evidence of an error in noting the time of its issuance on the search warrant, we also conclude it erred in failing to terminate the trial and refusing to permit the State to file its notice of appeal from the order quashing the warrant and suppressing the evidence. That order is appealable by the State by virtue of Supreme Court Rule 604(a)(1) and, when the State sought to do so, the court was obligated to terminate the trial without further proceedings to permit the State its interlocutory appeal. (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(c); *People v. Nestrick* (1977), 45 Ill. App. 3d 519, 521-22, 359 N.E.2d 503, 505; *People v. Hoban* (1978), 57 Ill. App. 3d 25, 372 N.E.2d 976.) As noted in *Hoban*, the trial court is deprived of jurisdiction by the timely filing of a notice of appeal. We do not believe it was the intention of our supreme court or the General Assembly to permit a court to retain jurisdiction and avoid both statute and rule by refusing to allow the State to file a notice of appeal and we consider that the trial court lost jurisdiction to act further in this case after suppressing the evidence even though it failed to order the termination of the trial as required by the statute. We find, as did the court in *Hoban*, that the order of acquittal of defendant entered immediately after denying the State leave to file its notice of appeal was void and must be vacated.

We must also consider a second issue relating to the evidence seized in the raid. Our earlier comments were directed to the suppression of the State's exhibits as the product of a claimed illegal search, but the trial court also considered the admissibility of some of them, and apparently also declined to admit certain exhibits, on evidentiary grounds as not being sufficiently connected to this defendant. The record is somewhat unclear in this regard as the written order entered by the court refers only to the constitutional basis for their exclusion.

Every refusal to admit evidence cannot be equated with the suppression of evidence which is appealable by the State under Rule 604. In *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16, the court made it clear that the rule has application only to evidence alleged to have been obtained by means of an unlawful search and seizure and was not intended to give the State a right to appeal from every ruling excluding evidence offered by it. (See also *People v. Koch* (1973), 15 Ill. App. 3d 386, 389, 304 N.E.2d 482, 483-84.) The court in *People v. Eddington* (1977), 47 Ill. App. 3d 388, 362 N.E.2d 103, had before it an issue similar to that which we are considering where the trial court had refused to admit certain evidence offered by the State predicating its ruling on both constitutional and evidentiary grounds, the former being appealable by the State and the latter not. The reviewing court determined the evidence had been improperly suppressed on the constitutional grounds but declined to consider its admissibility as an ordinary evidentiary matter as the State had no right of appeal from such rulings. The court noted that in *Van De Rostyne* the supreme court had recognized the misunderstanding which had occurred in the trial court concerning the procedures to be followed on motions to suppress and had returned that case to the trial court with directions to vacate its orders suppressing evidence and granting a mistrial and to proceed with a trial. In *Eddington*, then, the court directed that the order barring the evidence be reversed and remanded the case to the trial court for its determination of the admissibility of the evidence when offered in trial.

We believe a similar disposition is appropriate to this unusual case. The trial court erred in suppressing the State's exhibits on the constitutional grounds (the only basis referred to in its written order), but it also stated to counsel that some but not all of the exhibits were inadmissible on evidentiary grounds. Had the court terminated the trial, as the statute requires, the evidentiary rulings made in the aborted trial would be heard de novo in a subsequent trial as they would after any mistrial declared by a court. We believe the most balanced judgment we can enter in this respect is to vacate all orders of the trial court excluding any of the State's exhibits without prejudice to either defendant or the State should they be offered in evidence in a subsequent trial.

Defendant has contended alternatively that we must dismiss the appeal by the State in view of article VI, section 6 of the Illinois Constitution which provides that "after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal." (Ill. Const. 1970, art. VI, §6.) Defendant argues that the prohibition is unconditional and refers us to *People v. Perez* (1977), 50 Ill. App. 3d 959, 366 N.E.2d 1, in support of that proposition. This court in *Perez* dismissed the State's appeal determining that, after a trial on the merits, the trial court acquitted defendant of all charges brought against him finding he had no intent to commit a crime. The present trial, however, was interrupted by the trial court's erroneous exclusion of the evidence upon which the offenses charged were based and the judgment of acquittal was directed by the court after it had lost authority to do so. Defendant argues, without citation, that the trial court did not lose jurisdiction after quashing the search warrant because the statute then required it to enter an order terminating the trial which it did not do. (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(c).) Not having obeyed the statute, defendant suggests, the court retained authority to acquit her and appeal by the State is thus barred. This argument appears to be based upon defendant's reading of the legislative intent in adopting the statute and with which we disagree. As we have earlier stated, after suppressing the evidence the court's duty was to terminate the trial unless the State waived its right to an interlocutory appeal. The State sought to assert its right to appeal and it was refused by the court. We are satisfied the trial court was without authority to enter the order of acquittal in this case.

Defendant's final contention is that as this case was terminated favorably to her in the trial court the principle that one may not be put twice in jeopardy for the same offense bars the State's appeal. (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, §10; *United States v. Jenkins* (1975), 420 U.S. 358, 43 L. Ed. 2d 250, 95 S. Ct. 1006; *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349.) She argues that even if the trial court erred in ordering her acquittal after quashing the search warrant and suppressing the evidence, instead of terminating the trial as required by the statute, that the State is nevertheless barred from appealing on the premise "no appeal may be taken by the Government from an acquittal no matter how erroneous the legal theory underlying the decision." *United States v. Sisson* (1970), 399 U.S. 267, 299, 26 L. Ed. 2d 608, 629, 90 S. Ct. 2117; see *Fong Foo v. United States* (1962), 369 U.S. 141, 7 L. Ed. 2d 629, 82 S. Ct. 671; *People v. Hutchinson* (1975), 26 Ill. App. 3d 368, 325 N.E.2d 115.

■■ Defendant does not directly assert the unconstitutionality of section 114—12(c), permitting a trial to be terminated after jeopardy has attached to allow the State to take an interlocutory appeal, stating the judgment of

acquittal prevents that issue from being presented. Its argument, however, must fail if the statute meets constitutional standards for aborting a trial. Courts have long been authorized and, indeed, required to declare a mistrial where "manifest necessity" or "the ends of public justice" require it. (*United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165.) Our supreme court in *People v. Chaffin* (1971), 49 Ill. 2d 356, 362, 274 N.E.2d 68, 71-72, stated:

> "In *Gori v. United States*, 367 U.S. 364, 6 L. Ed. 2d 901, 81 S. Ct. 1523, the court commented: 'Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth amendment.' [Citations.] In Illinois, we have for a long time recognized the principle that 'a court of justice is invested with the authority to discharge a jury from giving any verdict whenever in the court's opinion there is manifest necessity for such act or the ends of public justice would otherwise be defeated, and that such is within the discretion of the trial court and is not subject to review in the absence of abuse of discretion.' [Citations.]"

(See also *People v. Bean* (1976), 64 Ill. 2d 123, 355 N.E.2d 17; *People v. Partee* (1977), 52 Ill. App. 3d 178, 181-82, 367 N.E.2d 188, 190-91; *People v. Grignon* (1976), 37 Ill. App. 3d 418, 425-26, 346 N.E.2d 82, 88-89, *cert. denied* (1977), 430 U.S. 909, 51 L. Ed. 2d 585, 97 S. Ct. 1181.) The United States Supreme Court has reached like conclusions in its later cases. In *Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066, the court found there was no abuse of discretion where the trial court declared a mistrial over defendant's objection when, after a jury had been impaneled and sworn, the State noticed the indictment was defective and could not be corrected by amendment. Defendant was retried and convicted under a new indictment and, the first trial having been lawfully aborted, the court held that the second trial did not give rise to a claim of double jeopardy. See also *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349.

■■ In this case defendant could have avoided a second trial by presenting her motion to suppress before trial for determination by the court. It appears to us the statutory direction of section 114—12(c) requiring the court to terminate the trial to permit the State its interlocutory appeal, arising after the trial had commenced by reason of defendant's motion, may be considered on the same basis as a common law mistrial. The General Assembly has, in effect, expressed its belief that in the circumstances considered by the statute it is manifestly necessary to

terminate the trial. We agree the ends of substantial justice will best be met by the procedures directed in the statute. Finding as we do that the statute in question meets constitutional standards governing mistrials, we conclude this appeal may not be barred, as defendant contends, on principles of double jeopardy.

For the reasons we have discussed, we reverse the orders of the circuit court quashing the search warrant and suppressing the evidence and remand the case with directions to vacate its order granting defendant's motion for a directed verdict of acquittal. Before a trial, a hearing will be conducted to determine whether the validity of the search warrant was affected by clerical error and to proceed thereafter as provided by law.

Reversed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.