THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
THOMAS E. WOLF, Defendant-Appellant.

Third District   No. 3—87—0384

Opinion filed February 3, 1989.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The trial court declared a mistrial after finding that the jury was deadlocked. On retrial, a second jury convicted the defendant, Thomas E. Wolf, of residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3). The trial court then sentenced him to five years in prison. The defendant appeals.

■■ ■ On appeal, the defendant first contends that his retrial was barred by the double jeopardy clauses of the United States and Illinois Constitutions. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) Specifically, he argues that the trial court abused its discretion by declaring a mistrial after less than two hours of deliberations and without giving a *Prim* instruction to the deadlocked jury. *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.

When in the trial court's opinion a jury is hopelessly deadlocked, it may properly discharge the jury. (*People v. Howard* (1984), 121 Ill. App. 3d 938, 460 N.E.2d 432.) In determining how long a jury should be permitted to deliberate before a mistrial is declared and the jury is discharged, no fixed time can be prescribed, and great latitude must be accorded to the trial court in the exercise of its informed discretion. (*People v. Preston* (1979), 76 Ill. 2d 274, 391 N.E.2d 359.) In the absence of an abuse of discretion by the trial court when it discharges a jury because of its failure to reach a verdict, reprosecution is not barred. *People v. Bean* (1976), 64 Ill. 2d 123, 355 N.E.2d 17.

The instant record shows that the defendant's original trial was declared a mistrial when the jurors agreed, under questioning from the court, that they could not reach a verdict. While the jurors had deliberated just under two hours, the foreman stated that the jury was not likely to reach a verdict and the individual jurors agreed that there was no possibility of their reaching a verdict. Under the circumstances, we find no abuse of discretion in the trial court's declaration of a mistrial. Additionally, the mere failure to give a *Prim* instruction to a deadlocked jury is not reversible error. (*People v. Palmer* (1984), 125 Ill. App. 3d 703, 466 N.E.2d 640.) Accordingly, the defendant was not placed in double jeopardy by the subsequent retrial.

■■■ The defendant's second argument on appeal is that the prosecutor's gross misconduct requires this court to reverse the defendant's conviction.

The incident in question arose out of the defendant's impeachment of a key State witness, who claimed that the defendant had ad-

mitted committing the charged crime and had stated that he gained access to the victim's residence by throwing a brick or rock through a window. Peoria police officers Dennis Galloway and Walter Jatkowski both testified for the defense that they had not found any rock or brick used to gain entry. In his closing arguments, defense counsel noted that the State had failed to produce a brick or rock from the crime scene. During his rebuttal argument, the prosecutor placed a brick on his counsel table. However, before the prosecutor made any comment concerning the brick, defense counsel objected and asked for a hearing outside the presence of the jury. After the jury was removed, defense counsel moved for a mistrial because the brick had not been introduced into evidence. The State explained that the brick was to be used as demonstrative evidence. The court denied defense counsel's motion and ordered the brick removed. After recalling the jury, the court admonished the jury that the brick had been removed, that it had nothing to do with the case, that it was not evidence, and that it was to be totally disregarded.

Initially, the State replies that the prosecutor's conduct was not improper, because the brick could have been used as demonstrative evidence. We note that at trial the prosecutor never requested that the brick be admitted into evidence, nor did he object when the judge ordered the brick removed from sight. We therefore find the State's argument unpersuasive. *Vinke v. Artim Transportation System, Inc.* (1980), 87 Ill. App. 3d 400, 408 N.E.2d 1112.

Second, the State argues that the error was cured by the judge's immediately sustaining the defense counsel's objection and admonishing the jury to disregard the brick. Generally, a timely objection, followed by the court's sustaining the objection and instructing the jury to disregard the improper evidence, will cure the error. (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) In some instances, however, the prejudicial effect of inadmissible evidence cannot be cured by the court's sustaining the objection and giving a cautionary instruction. *People v. Gregory* (1961), 22 Ill. 2d 601, 177 N.E.2d 120.

In the instant case, the prosecutor displayed the brick after defense counsel noted in his closing argument that the two police officers involved in the case had testified that they never found any brick or rock which was used to gain entry. The prosecutor's displaying the brick was highly prejudicial given its connection to the defendant's impeachment of a key State witness and the fact that it occurred just prior to the jury's deliberation. Under the circumstances of this case, we find that the prejudicial effect of the prosecutor's conduct was not cured by the trial court's instructions to the

jury. We further find that the error was not harmless beyond a reasonable doubt. *People v. Suane* (1987), 164 Ill. App. 3d 997, 518 N.E.2d 458.

For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and remand this cause for a new trial.

Reversed and remanded.

WOMBACHER and HEIPLE, JJ., concur.