THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LEONARD HESTER, Defendant-Appellee.

Fifth District    No. 79-57

Opinion filed September 27, 1979.

Terrence J. Hopkins, State's Attorney, of Benton (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert L. Butler, of Marion, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the Court:

Defendant was charged in a two-count indictment with the offenses of burglary and theft of property of a value exceeding $150. At a bench trial, one police officer testified that he had advised the defendant of his rights. Another officer testified that he was present when the first officer read the defendant his *Miranda* rights and the defendant indicated that he understood them. Both officers testified without objection as to defendant's subsequent statements, in which he admitted taking medical bags out of a doctor's automobile, breaking open the bottles to check for narcotics, and throwing the bags in a lake. Defendant had not filed a motion to suppress nor challenged the voluntariness or admissibility of the statements in any way.

At the conclusion of the State's case, the defendant moved for a directed judgment. The court took the motion under advisement. The next day, the court ruled that the officer's testimony was insufficient to show compliance with *Miranda* or to show the voluntariness of the statements. The State's Attorney interrupted, claiming the court was suppressing evidence without any notice of a motion to suppress, and denying the State an opportunity to present evidence concerning the giving of *Miranda* warnings. He pointed out that the defendant had never challenged the sufficiency of the warnings and argued that the defendant had waived such issue by failing to make an objection. The court denied that it was suppressing evidence, declared that a confession is presumed not to be voluntary and that the burden is on the People to establish voluntariness. The court granted the defendant's motion for a directed judgment of acquittal and discharged the defendant.

The State contends that under section 114—11 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 114—11) the action of the trial court was error. Section 114—11 governs motions to suppress confessions. It provides that prior to a criminal trial, a defendant may move to suppress as evidence any confession given by him on the ground that it was not voluntary. The motion shall be in writing and state facts showing wherein the confession is involuntary. The motion shall be made before trial unless opportunity therefor did not exist or the defendant was

not aware of the grounds of the motion. If the motion is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the confession, the court shall terminate the trial with respect to every defendant who was a party to the hearing and who was within the scope of the order of suppression, without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression.

The State contends that the trial court failed to apply section 114—11 to this case in several ways. The manner in which the court raised the issue on its own motion, after the State had rested its case, is alleged to deprive the State of an opportunity to show the *Miranda* warnings had been given, and allegedly violated implicit requirements of section 114—11(g) that the court conduct a hearing on the merits. More importantly, the State contends, the court did not permit the State to take an interlocutory appeal from the suppression order, in violation of the clear language of section 114—11(g).

■■ While the defendant has failed to file a brief in this appeal, this does not mandate a pro forma reversal; to the contrary, we are required to consider the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493; *People v. Athey* (1976) 43 Ill. App. 3d 261, 356 N.E.2d 1332.

■■ The evidence established that the trial court failed to follow the mandates of section 114—11 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—11). This, we find, constitutes reversible error.

Accordingly, we reverse the judgment of the trial court and remand for a new trial before a different judge.

Reversed and remanded with directions.

JONES, P. J., and KARNS, J., concur.