THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIE SMITH, Defendant-Appellee.

Second District   No. 2—85—0882

Opinion filed January 14, 1987.

Robert J. Morrow, State's Attorney, of Geneva (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Bruce K. David, of Elgin, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The State appeals from the trial court's order suppressing testimony and dismissing the case against defendant, Willie Smith. Smith was charged with driving an overweight vehicle. (Ill. Rev. Stat. 1985, ch. 95½, par. 15—111.) The State contends on appeal that the trial court improperly suppressed certain testimony and erred in dismissing the charge against the defendant.

The relevant facts are as follows. On June 17, 1985, Trooper David C. Bird of the Illinois State Police observed the defendant driving a five-axle dump truck eastbound on Illinois 5, a public highway. Bird noticed that the truck's tires appeared squashed, the springs were overloaded, and the weight shifted to the rear of the truck. Bird stopped the truck and requested the defendant's weight ticket, which indicated that there was 19,000 pounds on the drive axle. Bird then ordered the defendant to drive to the nearest weighing station. After weighing the vehicle, Bird ordered defendant to assist him with measuring the truck's axle length by holding a tape measure. After the defendant complied, Bird issued defendant a traffic citation for the aforementioned violation.

Defendant entered a plea of not guilty. The trial began on August 12, 1985, but the proceedings were not transcribed. A bystander's report has been provided. Testifying for the State at defendant's trial, Bird explained that defendant had assisted him with measuring the

axle length. At that point, defense counsel moved to suppress further testimony. Defense counsel argued, and the trial court agreed, that Bird had not informed defendant of his constitutional rights prior to ordering him to hold the tape measure, and the act of measuring itself violated defendant's right not to be forced to participate in the gathering of physical evidence against him. The trial court suppressed further testimony from Bird and dismissed the charge against the defendant.

The State filed a motion to reconsider the trial court's ruling. After a hearing on the motion, the trial court reaffirmed its ruling, stating as follows:

> "I feel that the way that this was presented, it didn't follow the statute. It just struck me as being an improper gathering of evidence and that's why I granted the motion to quash and maybe we didn't use the proper terminology and when I put the order in maybe I left some ambiguity in the order when I dismissed the case, but that was my—my feeling was that the case was improperly—the evidence was improperly gathered and that's why I thought that the motion would lie and the case would be dismissed."

From this ruling, the State appeals.

■■ We first must determine if the State may appeal from the trial court's ruling.. The defendant argues that the State cannot appeal because the trial court's order dismissing the charge was, in effect, an acquittal. After a trial on the merits in a criminal case, the State may not appeal from a judgment of acquittal. (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 96.) Although the trial court designated the judgment a "dismissal," this designation is not determinative of the judgment's nature or appealability. (*People v. Deems* (1980), 81 Ill. 2d 384, 388-89, *cert. denied* (1981), 450 U.S. 925, 67 L. Ed. 2d 355, 101 S. Ct. 1378.) An acquittal occurs when the trier of fact renders a finding of not guilty based upon the evidence before it. (*People v. King* (1974), 17 Ill. App. 3d 1064, 1066-67.) Defendant was discharged on grounds unrelated to his guilt. Such a dismissal of the charge is not a judgment of acquittal. (*People v. Oswald* (1982), 106 Ill. App. 3d 645, 647.)

Defendant also argues that the State may not appeal from a ruling entered during trial. In a criminal case, the State may appeal only as permitted by Supreme Court Rule 604(a) (103 Ill. 2d. R. 604(a)). Supreme Court Rule 604 (a)(1) provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismiss-

ing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (103 Ill. 2d R. 604(a)(1).)

Initially, the issue before this court is whether the trial court's ruling here was, in fact, an order "suppressing evidence" under Rule 604(a)(1).

■ Defendant argues that the trial court excluded Bird's testimony on an evidentiary basis. A mid-trial order excluding evidence on an evidentiary basis is not a suppression order, and the State may not seek an interlocutory appeal. (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 370-71.) The court in *People v. Davidson* (1983), 116 Ill. App. 3d 164, 170, set forth the standard for distinguishing between the suppression and exclusion of evidence:

"The rule which thus emerges from the cases is that a motion based on criteria relating to the perceived truthfulness, reliability, or relevance of the proffered evidence 'excludes' evidence ***; a motion which is based on public policies forbidding the use of certain evidence despite its relevance and apparent trustworthiness 'suppresses' evidence ***."

Based upon this test, we conclude that the trial court's grant of defendant's motion suppressed evidence.

Bird's testimony regarding the length of the axle would have been relevant and reliable. The measurement is relevant because compliance with the statute is based on the proportion of the axle length to weight. Defendant contends that the measurement is unreliable because he lacks the expertise of a police officer in measuring. However, defendant was simply told where to stand; he made no decisions, nor did the measurement necessitate any special skill. Rather the trial court suppressed the testimony because it perceived the measurements were gathered improperly, since according to the judge, defendant's "right to leave had been restrained and I think that the protections of self-incrimination, a right to counsel would attach at that time."

■ Further, Bird's testimony was suppressed not because of its unreliable nature but because the trial court considered it was gathered in violation of the defendant's rights. As further support, the bystander's report reveals that the defendant's grounds for suppression at trial included that the officer did not inform defendant of his rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, prior to ordering him to hold the tape. Defendant

also alleged that the officer violated his right to not have to participate in the gathering of physical evidence against him. At the hearing on the motion to reconsider, defense counsel argued that "we're raising a real basic constitutional right of a person not to have to participate in his own criminal—gather evidence at a quasi-criminal action against him." Clearly, the evidence must be considered "suppressed." Therefore, the State has the right to appeal pursuant to Supreme Court Rule 604(a)(1).

The State contends that under sections 114—11(g) and 114—12(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, pars. 114—11(g), 114—12(c)), the trial court erred in dismissing the charge against the defendant. Section 114—11(g) reveals that if a trial court suppresses a confession as a result of a motion made during trial, the court shall terminate the proceedings unless the State files a written notice indicating that no interlocutory appeal will be filed. In *People v. Hester* (1979), 76 Ill. App. 3d 945, 946-47, the failure to terminate the trial and allow the State to file an interlocutory appeal pursuant to section 114—11(g) constituted reversible error. However, because defendant's action of holding a tape measure does not amount to a confession, we conclude that section 114—11(g) is inapplicable.

▪ Nevertheless, the trial court was obliged to terminate the trial after granting defendant's motion to suppress the testimony, pursuant to section 114—12(c) (Ill. Rev. Stat. 1985, ch. 38, par. 114—12(c)). Section 114—12(c) pertains to illegally seized evidence but is otherwise identical to section 114—12(g). The trial court perceived that defendant's assistance in measuring the axle length violated defendant's constitutional rights. The trial court vaguely indicated that the measurement was improperly gathered, and that the defendant had been denied notice of his rights. Under these circumstances, the trial court was required to terminate the trial, not dismiss the charges and allow an interlocutory appeal. (*People v. Hoban* (1978), 57 Ill. App. 3d 25, 28.) Such a termination of a trial does not bar a subsequent prosecution of the same charge. *People v. Young* (1978), 60 Ill. App. 3d 49, 54-55, *cert. denied* (1979), 440 U.S. 973, 59 L. Ed. 2d 790, 99 S. Ct. 1539.

▪ Having determined that the trial court erred in dismissing the charge, we also conclude that it improperly suppressed Bird's testimony regarding the length of the truck's axle. In reviewing the trial court's ruling on the motion to suppress, we must affirm the result reached unless the trial court's ruling was "manifestly erroneous." *People v. Smith* (1977), 51 Ill. App. 3d 87, 90.

Defendant has abandoned his stand at trial that he should have been given his *Miranda* warnings before being ordered to assist the officer measuring the truck. He instead argued at the hearing on the motion to reconsider and on appeal that the only issue is whether defendant's privilege against self-incrimination pursuant to the fifth amendment (U.S. Const., amend V) was violated. As the defendant was not even under arrest (see *People v. Lumpp* (1977), 54 Ill. App. 3d 235, 237), no right to counsel attached. Similarly, *Miranda* warnings were not required because a motorist who has been detained pursuant to a routine traffic stop is not considered to be "in custody" for purposes of *Miranda*. (*Berkemer v. McCarty* (1984), 468 U.S. 420, 82 L. Ed. 2d 317, 104 S. Ct. 3138.) Defendant has not suggested, and we have not found, any reason not to consider that the stopping of a vehicle to determine if it is overweight is anything other than a routine traffic stop.

◼ A finding that defendant's privilege against self-incrimination was violated is against the manifest weight of the evidence. The privilege against self-incrimination protects an accused only from being compelled to testify against himself or from otherwise providing the State with evidence of a testimonial or communicative nature. (*Schmerber v. California* (1966), 384 U.S. 757, 761, 16 L. Ed. 2d 908, 914, 86 S. Ct. 1826, 1830-31.) Under *Schmerber*, defendant's act of holding a tape measure is not testimonial, and evidence resulting from such act should not have been suppressed. Defendant asserts that *Schmerber*'s holding is limited to the facts in that case. The Supreme Court, however, cautioned that its holding that the Constitution does not forbid the State's minor intrusion into an individual's body in no way permits more substantial intrusions. Holding the tape measure cannot be reasonably construed as more intrusive than submitting to a blood test as in *Schmerber*. Therefore, the law in *Schmerber* applies in this case.

◼ Defendant also argues that *Schmerber* is distinguishable because it involves a defendant charged with driving under the influence and a motorist impliedly consents to the gathering of physical evidence in that situation or subjects himself to losing his driving privileges. The Supreme Court in *Schmerber* did not rely on an implied-consent theory. However, even if it did, section 15—112 authorizes a police officer to require a driver to stop and submit to a weighing of the vehicle if the officer has reasons to believe the vehicle is overweight. (Ill. Rev. Stat. 1985, ch. 95½, par. 15—112.) In *People v. Munziato* (1962), 24 Ill. 2d 432, the court considered the constitutionality of section 132 of the Motor Vehicle Code, which is identical to

the present section 15—112(a). In holding that the statute was constitutional, the court explained:

> "A provision authorizing reasonable investigation as a necessary means of implementing and effectuating a valid statute does not violate section 6 of article II of the Illinois constitution, relating to unlawful searches and seizures, or the fourteenth amendment to the Federal constitution. (*Vissering Merchantile Co. v. Annunzio* [(1953)], 1 Ill. 2d 108.) When a vehicle is driven onto the public highways of the State, its weight becomes a matter of public interest and, as we have mentioned, subject to regulation by the State. The investigation authorized by section 132 is limited to relevant inquiry as to the weight of the vehicle, it is essential to effectuate section 131, and it is therefore reasonable. [Citations.]" *People v. Munziato* (1962), 24 Ill. 2d 432, 436.

Relevant inquiry into the length of the vehicle's axle is necessary to effect section 15—111.

Defendant argues that *Schmerber*'s holding is limited to physical acts necessary to identify defendants. Defendant's argument is without merit. Blood samples collected from the defendant in *Schmerber* served as evidence of the alcohol level in his blood, evidence of the crime. The defendant's identity was not at issue, yet the court in *Schmerber* held that the act was not protected by the privilege against self-incrimination. *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826.

For the foregoing reasons, the dismissal of the charge against defendant is vacated, the order suppressing evidence is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

LINDBERG, P.J., and INGLIS, J., concur.