3-07-0567

Filed October 24, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court For the 21st Judicial Circuit |
| Plaintiff-Appellant, | ) ) | Kankakee County, Illinois |
| v. | ) ) | No. 04-CF-04 |
| SIEMON T. MOORE | ) ) | Honorable Kathy Bradshaw Elliot, Judge, Presiding |
| Defendant-Appellee. | ) | |

JUSTICE O'BRIEN delivered the opinion of the court:

During a jury trial, defendant Siemon Moore moved to suppress his videotaped statement to the police. The trial court granted Moore's motion to suppress and the State requested leave to file an interlocutory appeal of the trial court's suppression order. The trial court granted the State's motion and declared a mistrial based on a finding that manifest necessity required the discharge of the jury while the State took its interlocutory appeal. Following a review of the trial court's order granting Moore's motion to suppress, this court affirmed the trial court's ruling. Moore filed a motion with the trial court requesting his case be dismissed on grounds of double jeopardy. The trial court, finding that it had erroneously concluded in the prior proceeding that a manifest necessity required the declaration of a mistrial, granted Moore's motion to dismiss. The State follows with this appeal.

FACTS

Defendant Siemon Moore was charged with the offense of criminal sexual assault. 720 ILCS 5/12-13(a)(1) (West 2004)). A jury trial began on July 20, 2005. Near the end of the State's case-in-chief, it was disclosed that a videotaped statement of Moore that the State intended to introduce was missing its audio track. It is undisputed that the defense was in possession of the videotape, which never contained a sound track, from November of 2004, and that the State was aware of the missing sound from at least around the same time. When Moore made the videotaped statement he signed a *Miranda* waiver (hereafter Paragraph 5) that stated, in part, "[a] videotape providing a video and audio record of this interview is being made to insure my rights and the accuracy of our conversation. I voluntarily consent to the recording."

Upon discovering the missing audio, the State proposed to introduce the testimony of Detective Jay Etzel, the officer who conducted the interview in which Moore made the videotaped statement. Moore objected to the introduction of testimony from Etzel regarding what Moore said during the interview and filed a motion to suppress the testimony. The trial court held a hearing on the motion to suppress. Moore argued that the waiver of his *Miranda* rights was no longer valid in that he had waived his rights under the express expectation that his statement would be preserved by a video/audio record. For this reason, Moore alleged his statement to Etzel could not be considered voluntary. Moore also argued that if Etzel was allowed to testify, Moore would be forced to testify instead of relying on the videotaped statement to speak for him. The State objected that a ruling suppressing Etzel's testimony would "knock *** the *** State's case out of the water." The State proposed that a jury instruction would cure

2

any defect created by allowing Etzel to testify.

The trial court granted Moore's motion to suppress. In reaching its ruling, the trial court stated the missing audio was "a technical difficulty *** no one's fault," and that the motion to suppress was timely made. The trial court also found that it was impossible to know whether Moore had given his statement based on Paragraph 5, a question that went to the voluntariness of the statement. The trial court found that the introduction of Etzel's testimony would force Moore to testify in contravention of his right to remain silent. The State then requested leave of the trial court to file an interlocutory appeal. The State also proposed it continue its case-in-chief before the jury; however, it was not willing to give up its right to an interlocutory appeal to do so. The State filed two motions for reconsideration of the suppression order, arguing, in part, that the defense could address the credibility and reliability of Etzel's testimony during final arguments. The State also asserted, in part, that Moore's motion was not timely made. The State asserted that the substantive effect of suppressing Etzel's statement would be "to dismiss the charge or render it [unprovable]." The trial court denied the State's motions for reconsideration. Moore maintained throughout the proceedings that the State could proceed without Etzel's testimony regarding Moore's statement to him, arguing that the statement did not incriminate Moore.

After reading into the record a summary given by Etzel of the contents of his proposed testimony, the State renewed its motion for leave to file an interlocutory appeal, arguing that the suppression of Etzel's testimony impaired the State's case. The State moved for leave to file a certificate of impairment and moved for a mistrial, a move to which Moore objected. The trial court granted the State's motion to file a certificate of

substantial impairment. The trial court also found that because the jury could not be held over for the estimated six to eight months it would take to obtain and complete an appellate review, it was manifestly necessary, over the objection of Moore, to declare a mistrial. The trial court stated the proceedings to date in no way determined the issue of whether Moore would be placed in double jeopardy by a retrial.

The State filed a certificate of impairment and proceeded with its interlocutory appeal. This court, ruling on the substantive merits of the suppression order, upheld the trial court's ruling granting Moore's motion to suppress. See People v. Moore, 368 Ill. App. 3d 549, 554, 858 N.E.2d 95, 99 (2006). The Illinois Supreme Court denied the State's leave to appeal this court's ruling. People v. Moore, 223 Ill. 2d 664, 865 N.E.2d 974 (2007). Moore filed a motion to dismiss in the trial court, arguing that the cause was barred by double jeopardy occasioned by the actions of the State in seeking the interlocutory appeal.

At the hearing on Moore's motion to dismiss, the trial court stated that in hindsight it did not believe there was a manifest necessity requiring the declaration of a mistrial. The trial court granted Moore's motion to dismiss and the State follows with this appeal.

ANALYSIS

The State's first argument on appeal is that the trial court erred in granting Moore's motion to dismiss on grounds of double jeopardy, in part, because Moore filed an untimely midtrial motion to suppress. In general, a motion made during midtrial is "untimely" if the defendant was aware of the grounds for the motion and had the opportunity to bring the motion to the trial court's notice before the trial began. See

4

People v. Goodwin, 207 Ill. App. 3d 282, 288-89, 565 N.E.2d 743, 748-49 (1991) (citing to several cases wherein rulings on defendant's midtrial motions were vacated because the motions could have been brought prior to trial). Section 114-12(c) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/114-12(c) (West 2004)) authorizes, to a limited extent, the defendant's interruption of a trial by the filing of a motion to suppress. People v. Flatt, 82 Ill. 2d 250, 263, 412 N.E.2d 509, 515-16 (1980). The right to bring section 114-12(c) motions, provided they are based on an allegation the evidence was illegally seized, represents a relaxation of the common law prohibition against filing a motion to suppress during trial. Flatt, 82 Ill. 2d at 262, 412 N.E.2d at 515.

The State's right to a review of midtrial motions to suppress rulings is governed by Supreme Court Rule 604. 210 Ill. 2d R. 604(a)(1). The State's right to a review of suppression rulings is broader than the defendant's right to bring the suppression motions. See Flatt, 82 Ill. 2d at 264, 412 N.E.2d at 516. In Flatt, the court stated that "some review must be given the prosecution of orders entered granting motions to suppress not authorized under section 114-12(c) which should have been made prior to trial." Flatt, 82 Ill. 2d at 264, 412 N.E.2d at 516. A review of these rulings is confined to a determination of whether the trial court had the authority to entertain the motion and does not encompass an appeal on the merits of the ruling. Flatt, 82 Ill. 2d at 264, 412 N.E.2d at 516. The appropriate remedy where the reviewing court determines the trial court entertained and allowed an unauthorized motion to suppress is to vacate the ruling and remand the cause for a continuation of the trial. Flatt, 82 Ill. 2d at 265, 412 N.E.2d 516. "The defendant should not be permitted to benefit from the declaration of a mistrial which resulted from the [the defendant's] untimely motion to suppress." Flatt, 82 Ill. 2d

at 265, 412 N.E.2d at 516-17. If there is no other reason to invoke the proscription against double jeopardy, the defendant may be tried anew. Flatt, 82 Ill. 2d at 265, 412 N.E.2d at 516-17.

In the instant case, the trial court did not err in ruling on Moore's motion to suppress. Not only did the State fail at trial to object to Moore's motion to suppress, it also failed to argue on interlocutory appeal that the trial court did not have the authority to entertain Moore's midtrial motion to suppress. The trial court found the motion was timely made; that it was "no one's fault." Furthermore, this court reviewed the motion on its merits based on an allegation that the defendant's statement should be suppressed as involuntary, a midtrial interruption authorized under section 114-11(g) of the Code. We did not vacate the trial court's ruling, we upheld it. Implicit in our ruling is a finding that Moore's motion was timely and the trial court rightfully entertained and ruled on it.

Although we disagree with the State that Moore's motion to suppress was untimely, we do agree the trial court erred in finding that Moore could not be tried anew. Moore's motion was a timely motion pursuant to section 114-11(g) of the Code. Section 114-11(g) states, in pertinent part:

I]f the motion [to suppress] is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the confession, the court shall terminate the trial *** without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression. *** Such termination of trial shall be proper and shall not bar subsequent prosecution of the identical charges and defendants[.]" 725

6

ILCS 5/114-11(g) (West 2004).

The failure of a trial court to terminate the trial and allow the State to file an interlocutory appeal pursuant to section 114-11(g) constitutes reversible error. People v. Smith, 151 Ill. App. 3d 922, 926, 503 N.E.2d 584, 587 (1987). In Smith, the court found the trial court erred in dismissing the charges against the defendant following the trial court's ruling in favor of the defendant on his motion to suppress. The Smith court stated that under the relevant section of the statute, the trial court was required to terminate the trial and allow the State an interlocutory appeal, not dismiss the charges. Smith, 151 Ill. App. 3d at 926, 503 N.E.2d at 587; see People v. Young, 60 Ill. App. 3d 49, 376 N.E.2d 712 (1978) (finding that the trial court, having ruled to suppress the State's evidence, was at that point divested of the jurisdiction to direct an acquittal, even though it had failed to order termination of the trial as directed by statute).

Because, as stated above, section 114-11(g) governs the procedure in this case, it follows that the section's dictate with respect to the issue of double jeopardy must be respected. In Young, the court declared that under the circumstances defined in section 114-12(c) of the Code, which contains language identical to that in section 114-11(g), the ends of substantial justice are best met by the procedures directed in the statute. Young, 60 Ill. App. 3d at 58-59, 376 N.E.2d at 720. The Young court considered the "statutory mistrial" mandated under section 114-12(c) no different in effect than the commonly used declaration of a mistrial on legally sufficient grounds in any criminal prosecution. Young, 60 Ill. App. 3d at 54, 376 N.E.2d at 717.

In a criminal prosecution before a jury, the constitutional protection against double jeopardy attaches after the jury is sentenced and sworn. 720 ILCS 5/3-4(a)(3)

7

(West 2004); People v. Dahlberg, 355 Ill. App. 3d 308, 312, 823 N.E.2d 649, 653 (2005). A retrial is automatically barred when a trial ends with an acquittal or a conviction; however, when a criminal proceeding ends before a final resolution of the merits of the charges against the defendant, a second trial is not necessarily precluded. People v. Burtron, 376 Ill. App. 3d 856, 861-62, 877 N.E.2d 87, 91 (2007). At times, the accused's right to have the trial concluded by a particular tribunal is subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present the State's evidence to an impartial jury. Burtron, 376 Ill. App. 3d at 862, 877 N.E.2d at 91. Furthermore, reprosecution of a defendant following the declaration of a mistrial is constitutionally permissible if the mistrial was attributable to the defendant by virtue of his motion or consent. Dahlberg, 355 Ill. App. 3d at 312, 323 N.E.2d at 653-54.

The Young court declared that the statutory directive of section 114-12(c), requiring the court to terminate the trial to permit the State its interlocutory appeal following the defendant's motion, may be considered on the same basis as a common law mistrial. Young, 60 Ill. App. 3d at 58, 376 N.E.2d at 720. As noted, section 114-11(g) contains language identical to that of section 114-12(c). Under both sections, a subsequent prosecution of the identical charges and defendant is not barred following the trial court's direction of a mistrial declared for the purpose of allowing the State to pursue an interlocutory appeal following an adverse ruling on a motion to suppress. 725 ILCS 5/114-11(g) (West 2004). Our ruling is governed by this statutory language.

The circumstances of the instant case mirror the essentials of section 114-11(g). During the trial, Moore made a motion to suppress the testimony of Etzel on the grounds that his statement to the officer could not be considered voluntary. The trial court

8

concluded the motion was timely and conducted a hearing on the merits, entering an order suppressing the testimony. The State moved to file an interlocutory appeal. There is no question Moore's motion to suppress was timely and proper. The State's right to an interlocutory appeal was also clear. The trial court properly declared a mistrial. From this point, however, the trial court's actions do not reflect the relevant statutory mandate. The trial court granted Moore's motion to dismiss on grounds of double jeopardy, whereas section 114-11(g) specifically allows the State to retry the defendant under these circumstances. For this reason, the trial court's ruling on the motion to dismiss should be reversed and the cause remanded to the trial court for further proceedings to be conducted without the use of the previously suppressed evidence.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McDADE, P.J., and CARTER, J., concur.