(No. 42549.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES HARRISON, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

James Harrison, *pro se.*

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Michael Scott Cisney, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

Petitioner, James Harrison, filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) claiming that in a bench trial in the circuit court of Cook County his rights under the fourth and sixth amendments to the United States constitution were violated. On motion of the State the petition was dismissed and it is from this order of dismissal that petitioner appeals.

On February 9, 1967, Harrison was found guilty of the crime of possession of narcotic drugs and was sentenced to the penitentiary for a term of from eight to ten years. He appealed that judgment to the Appellate Court, First District, wherein he claimed, *inter alia,* that all evidence introduced against him was discovered and seized upon an unlawful entry into his home made pursuant to an insufficient and void search warrant; and that certain items which were not enumerated in the search warrant were improperly admitted into evidence. The appellate court affirmed. *People v. Harrison,* 83 Ill. App. 2d 90.

In his post-conviction petition, Harrison alleged that his rights under the fourth amendment were violated in that his home was searched pursuant to an invalid search warrant, *i.e.,* the search warrant was issued without supporting affidavit; and that his rights under the sixth amendment

were violated in that he was not allowed to confront and cross-examine the person whose testimony formed the basis for the issuance of the search warrant. The State's motion to dismiss charged that the appellate court decision was *res judicata* as to the issues raised in the post-conviction petition. The court appointed counsel for petitioner. Although he moved that said counsel be dismissed and he be allowed to proceed *pro se,* counsel appeared in his behalf at the hearing when the motion to dismiss was sustained. Petitioner filed notice of appeal and requested therein to be allowed to prosecute the appeal *pro se.*

In his brief before this court, petitioner argues that the trial court improperly dismissed his petition without requiring an evidentiary hearing; and that the allegations of the petition, if true, constitute a showing of a substantial violation of his constitutional rights.

Harrison claims that his fourth amendment rights to be secure from unreasonable searches and seizures was violated in that "no verified complaint showing the existence of probable cause by which the search warrant could constitutionally issue was ever made or certified to before a court or justice thereof." In support of his contention, petitioner has attached what purports to be a "duplicate copy" of the complaint for search warrant. This document contains a brief statement of facts upon which probable cause was based. Although it appears that the complaint was signed by the complaining witness, it was not subscribed and sworn to before an issuing judge. However, our review of the appellate court's opinion indicates that that court specifically found that "On the morning of November 1, 1965, James Mason appeared before one of the judges of the Circuit Court of Cook County and subscribed and swore to a complaint for a search warrant * * *." (83 Ill. App. 2d at 92.) Furthermore, we have reviewed the trial and appellate court records and have found that it is specifically indicated therein that James Mason *did* sign the

complaint and that it *was* "Subscribed and sworn to before me on November 1, 1965 /s/ Kenneth Wendt Judge." Accordingly, not only do we find that petitioner's claim is barred by the doctrine of *res judicata* (*People* v. *Weaver*, 45 Ill.2d 136; *People* v. *Mamolella*, 42 Ill.2d 69; *People* v. *Hill*, 39 Ill.2d 61 , but also that it is without merit inasmuch as it is refuted by the appellate court opinion and the record in this case.

We also find that petitioner's other assertion regarding his right to confront the complainant to the search warrant is not properly before us. The thrust of his complaint is that because his retained counsel was unable to locate James Mason, the affiant to the search warrant, he was therefore nonexistent and the search warrant was improperly issued. In his affidavit attached to his petition, Harrison discloses that prior to trial he and his retained counsel discussed calling James Mason as a witness. However, there is no indication that Mason was called or a motion to produce ever filed. Accordingly any claim which petitioner might have had but did not raise in the original proceedings is considered waived and inappropriate for consideration on ancillary review. See *People* v. *Price,* 44 Ill.2d 332; *People* v. *Weaver*.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.