NO. 4-04-0007

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from |
|     Plaintiff-Appellee, | ) Circuit Court of |
|     v. | ) Champaign County |
| NATHANIEL JACKSON, | ) No. 02CF627 |
|     Defendant-Appellant. | ) |
| | ) Honorable |
| | ) Jeffrey B. Ford, |
| | ) Judge Presiding. |

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Nathaniel Jackson, appeals from the summary dismissal of his pro se petition for postconviction relief. He makes two arguments: (1) we should dismiss the office of the State Appellate Defender (OSAD) and allow defendant to represent himself in this appeal, and (2) the trial court erred in summarily dismissing his petition, which stated the gist of a claim of ineffective assistance of trial counsel. We deny defendant's request to represent himself, and we affirm the trial court's judgment.

I. BACKGROUND

The State charged defendant with burglary (720 ILCS 5/19-1 (West 2002)). Because of his criminal history, the offense was a Class X felony. See 730 ILCS 5/5-5-3(c)(8) (West 2002).

At trial, a police officer, Jeff Creel, testified he went to Arrowhead Lanes at approximately 4:30 a.m. on March 25, 2002, in response to a burglar alarm. He noticed a broken window. David Bolt, one of the owners of the bowling alley, testified he came

to the scene and noticed that someone had pried open the cash registers and emptied them of $200 to $250 in cash. He also noticed the intruder had broken into some video games, destroyed two video cameras near the snack bar, and removed a ceiling tile in the women's bathroom. The police found defendant hiding in the drop ceiling. When defendant came down, they peered into the ceiling and found a maroon backpack, which contained a pair of jeans, a knife, an ice pick, and $224 in cash. A videotape showed someone breaking the window and climbing into the building, and the gloves and backpack the intruder was wearing matched those that the police found on or near defendant's person.

The jury found defendant guilty of burglary, and the trial court sentenced him to 28 years' imprisonment. On direct appeal, we affirmed the conviction and sentence. People v. Jackson, No. 4-02-0732 (March 30, 2004) (unpublished order under Illinois Supreme Court Rule 23).

Defendant afterward filed a postconviction petition, which the trial court dismissed as frivolous and patently without merit. He appealed from the summary dismissal, and this is the appeal presently before us. Three times in the course of this appeal, defendant filed a pro se motion that we dismiss OSAD and allow defendant to represent himself. We denied those motions. OSAD has now filed a brief and a reply brief in defendant's behalf, in which it urges us to reconsider these rulings and grant defendant's motion to proceed pro se.

## II. ANALYSIS

### A. Defendant's Request To Represent Himself

Defendant argues (through his appointed counsel) that under Illinois

Supreme Court Rules 651(c) and 607 (134 Ill. 2d R. 651(c); Official Reports Advance Sheet No. 22 (October 30, 2002), R. 607, eff. September 30, 2002) as well as section 121-13(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/121-13(a) (West 2004)), he has the right to represent himself in this appeal. He cites cases which, according to him, stand for the proposition that "the right to appointed counsel in a post[]conviction proceeding pursuant to Rule 651(c) may be waived." People v. French, 210 Ill. App. 3d 681, 569 N.E.2d 934 (1991); People v. Williams, 185 Ill. App. 3d 840, 541 N.E.2d 1175 (1989). He notes that the Supreme Court of Illinois has granted motions by indigent defendants to represent themselves in appeals from postconviction proceedings (People v. Harrison, 46 Ill. 2d 159, 161, 263 N.E.2d 87, 88 (1970); People v. Korycki, 45 Ill. 2d 87, 89, 256 N.E.2d 798, 799 (1970); People v. Southwood, 49 Ill. 2d 228, 229, 274 N.E.2d 41, 42 (1971)) and that the United States Supreme Court has condemned the practice of forcing lawyers upon criminal defendants (Faretta v. California, 422 U.S. 806, 834, 45 L. Ed. 2d 562, 581, 95 S. Ct. 2525, 2540-41 (1975)).

Conceding that "Rule 651(c) can be read as implicitly affording a defendant the right to refuse appointment of counsel[,] as in Rule 607(a)," the State nevertheless argues that our refusal to allow defendant to proceed pro se is correct because the record does not show that his waiver of appellate counsel is "voluntary and intelligent." The State distinguishes Faretta because that case concerned a criminal trial, whereas the present case concerns an appeal from a postconviction proceeding.

In his reply brief, defendant observes that if he had requested to waive appointed counsel at trial, Rule 401(a) (134 Ill. 2d R. 401(a)) would have required the trial court to give him certain admonitions to ensure that the waiver was voluntary and

- 3 -

intelligent. He is aware of no authority, however, for requiring such admonitions if he requests to waive counsel on appeal from postconviction proceedings. He argues it would be "incongruous to now require [him] to proceed on appeal with appointed counsel, when he had no constitutional or statutory right to appointed counsel, even if he had requested it, at the filing stage." (Emphases in original.)

Although criminal defendants have a sixth-amendment right to represent themselves at trial (Faretta, 422 U.S. at 819, 45 L. Ed. 2d at 572, 95 S. Ct. at 2533), they have no federal constitutional right to self-representation on appeal (Martinez v. Court of Appeal of California, 528 U.S. 152, 154, 145 L. Ed. 2d 597, 602, 120 S. Ct. 684, 687 (2000)). In his brief, defendant makes a reasonable (though belated) argument that under Rules 651(d) and 607, he has the option of representing himself on appeal from the dismissal of his postconviction petition. Rule 651(d) provides: "The procedure for an appeal in a post[]conviction proceeding shall be in accordance with the rules governing criminal appeals, as near as may be." 134 Ill. 2d R. 651(d). Rule 607, which is a rule governing criminal appeals, states that if the trial court "determines that the defendant is indigent and [that the defendant] desires counsel on appeal, the court shall appoint counsel on appeal." (Emphasis added.) Official Reports Advance Sheet No. 22 (October 30, 2002), R. 607(a), eff. September 30, 2002. Thus, the appointment of counsel--and, arguably, the counsel's continuing tenure--is conditional on the defendant's desire for such counsel. Also, if one interpreted Rule 651 to forbid self-representation by indigent defendants, this interpretation might put Rule 651 at odds with section 121-13(a) of the Code, which conditions the appointment of OSAD on the indigent defendant's "desire[] [for] counsel on appeal" (725 ILCS 5/121-13(a) (West

- 4 -

2004)).

These are all, as we said, reasonable arguments, but the time for making these arguments was earlier, in the motions to proceed pro se. Illinois Supreme Court Rule 361(a) requires that such motions state not only "the relief sought" but also "the grounds therefor." 177 Ill. 2d R. 361(a). In his motions, the only authorities defendant cited that came close to being relevant were Faretta and Martinez, which we have already discussed, and People v. Bowman, 40 Ill. 2d 116, 123, 239 N.E.2d 433, 438 (1968), in which the supreme court stated: "It has been found to be reversible error to refuse a criminal defendant's timely request for self-representation." The supreme court made that statement, however, in the context of self-representation in a guilty-plea hearing (Bowman, 40 Ill. 2d at 118, 239 N.E.2d at 435), not self-representation in an appeal from a postconviction proceeding. In his motions, defendant never cited, for instance, Rule 651(d), Rule 607, or section 121-31(a) of the Code and never made the arguments grounded on those authorities that he is making now, in his brief. A reviewing court "is not simply a repository in which appellants may dump the burden of argument and research." People v. Chatman, 357 Ill. App. 3d 695, 703, 830 N.E.2d 21, 29 (2005). Without such argument and research, "we [were] unable to say whether the motion[s] should [have been] allowed or not, and [they] *** therefore [had to be] overruled." People ex rel. Akin v. Kipley, 167 Ill. 638, 638, 48 N.E. 688, 688 (1897). The burden of persuasion was on the movant. In his brief, defendant admits that "what constitutes a valid waiver of postconviction appellate counsel *** is a question of first impression." He could not reasonably expect us to answer that question without the benefit of a coherent argument and citation of relevant authorities.

At this time, the argument for self-representation comes too late. The attorneys have filed their briefs. To grant defendant's request to proceed pro se at this late date, we would have to issue a new briefing schedule, and defendant and the State would have to draft and file new briefs. Even when defendants have a constitutional right to represent themselves, they must assert that right in a timely (and, we might add, effective) manner. Bowman, 40 Ill. 2d at 124, 239 N.E.2d at 438; Martinez, 528 U.S. at 162, 145 L. Ed. 2d at 607, 120 S. Ct. at 691. At this point in the appellate process, judicial efficiency outweighs defendant's interest in individual autonomy (see Martinez, 528 U.S. at 163, 145 L. Ed. 2d at 608, 120 S. Ct. at 692), and we deny his request to proceed pro se in this appeal.

B. Alleged Ineffectiveness of Counsel

To avoid summary dismissal, a postconviction petition must meet two requirements. First, it must state the gist of a constitutional claim. People v. Jones, 213 Ill. 2d 498, 504, 821 N.E.2d 1093, 1096 (2004). Second, the postconviction proceeding must be the earliest possible opportunity for asserting that claim. A trial court should summarily dismiss a petition "where facts ascertainable from the record reveal the petition's claims have already been decided, waived, or forfeited." People v. Blair, 215 Ill. 2d 427, 430, 831 N.E.2d 604, 607 (2005). "[I]ssues that were raised and decided on direct appeal are barred from consideration by the doctrine of res judicata; issues that could have been raised, but were not, are considered waived." People v. Williams, 209 Ill. 2d 227, 233, 807 N.E.2d 448, 452 (2004).

Defendant argues that his postconviction petition states the gist of a claim of ineffective assistance of counsel. Allegedly, his counsel rendered ineffective

assistance in five ways. First, counsel failed to consult him before waiving the preliminary hearing. Second, counsel failed to ask him whether he wanted a bench trial instead of a trial by jury. Third, instead of asking defendant what his real reason was for being in the bowling alley at 4:30 a.m., counsel presented a defense that was untrue, namely, that defendant entered the bowling alley to seek shelter from the cold. Defendant alleged in his petition that he actually was "high on cocaine and alcohol for three nights [straight,] without any sleep," and "did not realize what [he] was real[l]y doing." The window of the bowling alley "was already broken," and his "cocaine addiction *** [led him] to enter into that broken window[,] and[] [he] did not have control[] over [his] actions from that point." Fourth, counsel never consulted with defendant before sentencing to ascertain whether there were any mitigating factors. Fifth, counsel failed to tender an instruction on the included offense of criminal damage to property.

We considered and rejected the first two contentions on direct appeal. People v. Jackson, No. 4-02-0732, slip order at 11 (March 30, 2004) (unpublished order under Illinois Supreme Court Rule 23). Therefore res judicata bars those contentions. See Williams, 209 Ill. 2d at 233, 807 N.E.2d at 452.

As for the third contention, defendant's alleged intoxication would have made no difference in the verdict. Ineffective assistance of counsel has two elements: (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that the outcome of the case would have been different but for defense counsel's substandard performance. People v. Young, 341 Ill. App. 3d 379, 383, 792 N.E.2d 468, 472 (2003). Effective January 1, 2002, Illinois no longer recognized voluntary intoxication as an excuse for criminal conduct. 720 ILCS

5/6-3 (West 2004).  "A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition is involuntarily produced and deprives him of substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."  720 ILCS 5/6-3 (West 2004).  It was not incompetence to refrain from asserting a defense that the law clearly negated.

As for the fourth contention, defendant does not state what the mitigating factors would have been.  Without that information, we have no basis for concluding that (1) any mitigating factors existed and (2) they would have made a difference in the sentence.  See People v. Rodriguez, 313 Ill. App. 3d 877, 887, 730 N.E.2d 1188, 1196 (2000) ("a court may proceed directly to the second prong of the Strickland test and need not examine effectiveness in the absence of prejudice").

As for the fifth contention, we find no reasonable probability that an instruction on the included offense of criminal damage to property would have made any difference in the outcome of this case.  No rational jury would have found that defendant intended only to damage property.  The evidence was overwhelming that he intended to steal the money in the cash registers and game machines.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., and MYERSCOUGH, J., concur.