NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220906-U

NO. 4-22-0906

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* the Estate of MARIAN ADAMCZYK, Deceased, | ) | Appeal from the |
| | ) | Circuit Court of |
| JOANNA ADAMCZYK and EVONA VASQUEZ, in | ) | Boone County |
| Their Individual Capacities and as Former Beneficiaries | ) | |
| of the Marian Adamczyk Living Trust Dated December | ) | No. 21P82 |
| 14, 2016, | ) | |
|        Plaintiffs-Appellees, | ) | |
|        v. | ) | |
| GABRIELA ROZBORSKA, as Successor Trustee of the | ) | |
| Marian Adamczyk Living Trust Dated December 14, | ) | |
| 2016, Individually and as a Beneficiary of the Marian | ) | |
| Adamczyk Living Trust Dated December 14, 2016; and | ) | |
| GRAZYNA GRABOWSKA, Individually and as a | ) | |
| Beneficiary of the Marian Adamczyk Living Trust Dated | ) | |
| December 14, 2016, | ) | |
|        Defendants-Appellants. | ) | Honorable |
| | ) | Stephen E. Balogh, |
| | ) | Judge Presiding. |

_____

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice DeArmond and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendants failed to demonstrate error in the circuit court's denial of their motion
to transfer venue when they failed to address all bases of the circuit court's ruling.

¶ 2    Defendants Gabriela Rozborska, as successor trustee of the Marian Adamczyk

Living Trust dated December 14, 2016 (Living Trust), and as a beneficiary of the Living Trust,

and Grazyna Grabowska, individually and as a beneficiary of the Living Trust, filed a combined

motion to dismiss the supplemental complaint filed in probate by plaintiffs Joanna Adamczyk and Evona Vasquez; defendants alternatively requested transfer based on improper venue.

¶ 3       The circuit court denied the motion to transfer venue, finding that defendants had waived their right to contest improper venue by (1) failing to file their venue objection as an initial and distinct pleading, (2) filing and proceeding on a subsequently filed emergency motion to quash notice of *lis pendens*, and (3) admitting the Living Trust document in the Boone County probate action.

¶ 4       Defendants filed a petition for interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(4) (eff. Oct. 1, 2020), which we allowed. On appeal, defendants challenge the first two grounds relied upon by the circuit court but fail to address the third.

¶ 5       We affirm and remand.

¶ 6                                    I. BACKGROUND

¶ 7                                    A. Probate Action

¶ 8       A probate action was filed in Boone County in December 2021 to establish the estate of Marian Adamczyk (decedent), a resident of Boone County, who died in October 2021. Decedent's will devised and bequeathed the residue of his estate to his Living Trust and provided that the residual estate was to be distributed on his death to those beneficiaries listed in the trust. Decedent's will did not nominate a specific person to serve as executor, but it "nominated and appointed" the trustee of his Living Trust to serve as "personal representative" of his will. Rozborska, who was the trustee of his Living Trust at the time of the decedent's demise, was appointed independent executor of his estate.

¶ 9               B. Decedent's Living Trust and Plaintiffs' Supplemental Complaint

¶ 10        The original trust was created in December 2016 and named decedent as trustee. It was amended three times, in 2019, 2020, and 2021. The last amendment named only two of his six children as beneficiaries and increased the number of properties that would go to Rozborska and Grabowska.

¶ 11        In April 2022, plaintiffs filed a supplemental complaint in the probate action to have the third amendment to the Living Trust invalidated. The supplemental complaint alleged that the third amendment to the Living Trust resulted from fraud, duress, undue influence, lack of capacity, and breach of fiduciary duty. Plaintiffs alleged that in May 2020, before the second and third trust amendments, decedent's counsel (who prepared his will and trust documents) and Rozborska advised decedent that they were living together in an intimate relationship and further asked decedent to sign a waiver of conflict of interest, which he purportedly did.

¶ 12        C. Combined Motions to Dismiss and Transfer Venue

¶ 13        Defendants filed a combined motion to dismiss the supplemental complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)) based on a multitude of legal bases. Pertinent here was the argument that there was a lack of subject matter jurisdiction (arguing the complaint was improperly filed within the probate action). Alternatively, plaintiffs requested transfer of venue based on section 2-104(b) of the Code of Civil Procedure (*id.* § 2-104(b)) and section 204(a) of the Illinois Trust Code (760 ILCS 3/204(a) (West 2020)). Section 204(a) provides: "[V]enue for a judicial proceeding involving a trust is in the county of this State in which the trust's principal place of administration is or will be located." *Id.*

¶ 14        Defendants maintained that the trust's principal place of administration is Cook County. Plaintiff disputed this and argued that "the last uncontested Trustee of the Trust resided in Boone County." Grazyna Grabowska's residence is unclear, but the plaintiffs' response to the

combined motion asserted she "was a caregiver to the Decedent, who resided at ***, Belvidere, Illinois (Boone County)." Rozborska's residence is listed as Schaumburg, Illinois (Cook County).

¶ 15                                        D. Defendants' Emergency Motion

¶ 16          After filing the combined motion, but prior to a hearing or ruling on the motion to dismiss or transfer, Rozborska filed an emergency motion to quash the notice of *lis pendens* filed by plaintiffs against certain trust property located in Belvidere, Illinois, so as to permit completion of the sale of the trust property scheduled for August 5, 2022. The emergency motion was granted.

¶ 17                                        E. Order on the Initial Motions

¶ 18          Roughly two months after its ruling on the motion to quash the notice of *lis pendens*, the circuit court issued an order denying defendants' motions to dismiss or transfer. Before reaching any substantive issues of defendants' motion to dismiss, the court first determined that it had jurisdiction over the subject matter raised by the petition challenging the Living Trust. It then denied the motion to transfer venue, citing three justifications for its ruling, all related to waiver of any objection to venue: (1) defendants waived the right to seek transfer of venue because they combined their venue motion with a motion to dismiss, rather than filing a motion attacking venue as the first responsive pleading. Venue was raised as an additional ground for dismissal "but never as a distinct pleading"; (2) defendants' motion to sell one of its properties held in trust, which was heard and granted prior to presentation of the motions to dismiss, constituted waiver of venue; and (3) defendants "admitted in the probate action the [t]rust in Boone County when it was filed in the probate action by defendant and representative."

¶ 19          Defendants filed a Rule 306(a)(4) petition for leave to appeal from the circuit court's order denying transfer of venue, which we allowed on November 23, 2022.

¶ 20                                        II. ANALYSIS

- 4 -

¶ 21        Motions to transfer based on improper venue are governed by section 2-104(b) of the Code of Civil Procedure (735 ILCS 5/2-104(b) (West 2020), which provides in relevant part:

> "(b) All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint."

¶ 22        We review the grant or denial of a motion to transfer venue based on improper venue under a bifurcated standard. A circuit court's factual findings will not be disturbed unless they are against the manifest weight of the evidence. *Tabirta v. Cummings*, 2020 IL 124798, ¶ 17 (citing *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 154 (2005)). Conversely, a circuit court's legal conclusions "are subject to *de novo* review." *Id.* (citing *Corral*, 217 Ill. 2d at 155).

¶ 23        The process by which the venue issue was presented to the circuit court was unnecessarily complex and undeniably confusing, as plainly evidenced by the title of defendants combined motion:

> "DEFENDANTS' COMBINED MOTION(S) PURSUANT TO §2-619(a)(1) & §2-619(a)(9) OF THE ILLINOIS CODE OF CIVIL PROCEDURE (735 ILCS 5/) TO DISMISS PLAINTIFFS' COMPLAINT ERRONEOUSLY FILED AS A SUPPLEMENTAL PROCEEDING FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER AND FOR WANT OF PROCEDURE, *WITH PREJUDICE*; OR IN THE ALTERNATIVE, TO BIFURCATE THE SUPPLEMENTAL PROCEEDING AND TRANSFER PLAINTIFFS' COMPLAINT TO THE PROPER VENUE OF COOK COUNTY, ILLINOIS, PURSUANT TO §2-104 OF THE ILLINOIS CODE OF CIVIL PROCEDURE (735 ILCS 5/) AND §204(a) OF

THE ILLINOIS TRUST CODE (760 ILCS 3/), UPON PAYMENT OF APPROPRIATELY ASSESSED FILING FEE(S) AND OTHER COSTS OF TRANSFER TO BE TAXED TO PLAINTIFFS PURSUANT TO §2-107 OF THE ILLINOIS CODE OF CIVIL PROCEDURE (735 ILCS 5/)."

¶ 24    It appears unlikely that the genesis of this motion can be found in a book of standard legal forms. The issue is not just that the *title* is a jumble of more than 100 words; the motion itself is a kitchen sink of legal concepts. To compound matters, the portion of the omnibus motion directed to the venue issue assumed, without analysis, that the statutory venue provision for litigation against a trust in the county of its administration represented a statement of the *exclusive* venue for such matters. See 760 ILCS 3/204 (West 2020). Just as venue may be proper against an individual defendant in their home county, it might also be proper in the "county of residence of any defendant who is joined in good faith." 735 ILCS 5/2-101 (West 2020). There are two individual non-trust defendants in this case, but defendants never addressed whether they resided in Boone County. Furthermore, venue might be had "in the county in which the transaction or some part thereof occurred out of which the cause of action arose" (*id.*), but defendants also failed to address this aspect of venue.

¶ 25    The circuit court was left with the unenviable task of bringing order to the chaos. In denying the motion to transfer venue, the court found that defendants had waived their objection to improper venue and cited three independent grounds for its conclusion. Defendants have addressed the first two bases of the court's ruling in their brief. This court shares defendants' concern about the correctness of the proposition that a timely request to transfer venue might be waived because it is filed in a motion raising other matters, or because it came after a different motion. After all, the issue here is venue, not personal jurisdiction; all that is required under the

venue statute is that the request to transfer venue be made "on or before the date upon which he or she is required to appear." *Id.* § 2-104; *cf. id.* § 2-301(a-6).

¶ 26    We need not decide the correctness of the first two bases for the circuit court's ruling, however, because the ruling rested on a third, independent basis: the positions taken by defendants in the probate action. As plaintiffs explain in their brief:

> "The [Circuit] Court reasoned that once Gabriella Rozborska petitioned to be Executor in her capacity as Trustee of the Trust, submitted a Certification to the Boone County Court identifying Gabriella Rozborska as the trustee of the Trust, and Boone County relied on that Certification when granting Letters of Office to Gabriella Rozborska as executor, then Gabriella Rozborska fixed venue to Boone County Court for any disputes related to the true identity of the successor trustee."

¶ 27    Whether the circuit court was correct to deny defendants' venue motion on this basis is a matter that, once again, we do not need to decide, but this time for a different reason: defendants utterly failed to address it in their brief. Indeed, it was also not raised in their Rule 306(a)(4) petition for leave to appeal. "A reviewing court 'is not simply a repository in which appellants may dump the burden of argument and research.' " *People v. Jackson*, 362 Ill. App. 3d 1196, 1199 (2006) (quoting *People v. Chatman*, 357 Ill. App. 3d 695, 703 (2005). Although defendants attempted to rectify this failing by arguing the point in their reply brief, we conclude the issue has nonetheless been forfeited. It is well settled that issues raised for the first time in an appellant's reply brief are deemed waived on appeal (Ill. S. Ct. Rule 341(h)(7) (eff. Oct. 1, 2020), unless responsive to an argument raised in the appellee's brief. *People v. Brownell*, 123 Ill. App. 3d 307, 319 (1984). Such is not the case here, so we decline to address the argument. *Bowler v. City of Chicago*, 376 Ill. App. 3d 208, 218 (2007).

¶ 28    Because defendants completely failed to address a separate and independent basis for the circuit court's ruling, we find that defendants have not demonstrated error in the denial of their motion to transfer venue.

¶ 29    As a final note, plaintiffs have asked that defendants' brief should be stricken or dismissed for failure to comply with various subsections of Rule 341, which governs appellate briefs. The purpose of appellate rules is to require the parties to present clear and orderly arguments to the appellate court so that we can properly understand, evaluate, and dispose of the issues involved. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. The failure to comply with appellate rules may result in the dismissal of the appeal. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). We agree that defendants' brief fails to comply with Rule 341 in many respects. We caution counsel on the need to comply with the supreme court rules; they are "not mere suggestions. They have the force of law, and they should be followed." *People v. Glasper*, 234 Ill. 2d 173, 189 (2009).

¶ 30                                  III. CONCLUSION

¶ 31    For the reasons stated, we affirm the circuit court's judgment and remand the cause for further proceedings.

¶ 32    Affirmed and remanded.